UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHERYL ELLIS and GENA HAMILTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,  Plaintiffs,  v.  GENERAL REVENUE CORPORATION,  Defendant. | :  :  :  :  :  :  :  :  :  :  :   3:09-cv-1089 (CFD) |

**RULING ON MOTION TO CERTIFY INTERLOCUTORY APPEAL**

On March 23, 2011, this Court denied the defendant General Revenue Corporation's ("GRC") motion for summary judgment. In its ruling, the Court held that the plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims were not barred by the statute of limitations, and that 20 U.S.C. §1078-6(a)(1) and 34 C.F.R. §682.405(a) do not require nine consecutive payments, as GRC asserted. Now, GRC moves the Court to certify these two questions for interlocutory appeal to the United States Court of Appeals for the Second Circuit.

The Court's order denying GRC's motion for summary judgment is not a final decision, and therefore is not subject to an appeal as of right under 28 U.S.C. § 1291 or § 1292(a). Where an order is not is otherwise appealable, the District Court may nevertheless certify the order for interlocutory appeal if the Court finds (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Neither issue raised by GRC in its motion for summary judgment—the FDCPA statute of limitations nor the interpretation of the statute and regulations—satisfy the criteria of § 1292(b).

First, the statute of limitations question is a "controlling question of law" because a reversal of this Court's ruling that the plaintiffs' claims were brought within the limitations period would end the case. "[I]t is clear that a question of law is 'controlling' if the reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990). However, there is not a substantial ground for difference of opinion on this question. The plaintiffs received multiple copies of letter agreements for enrollment in a loan rehabilitation program. The earliest letters fell outside the one-year limitations period, but later letters fell within it. The Court held these subsequent letters, which contained the same allegedly misleading information about the loan rehabilitation program, constituted separate violations of the FDCPA, and therefore the plaintiffs' claims were not barred.

GRC has not pointed to any decision with a similar set of facts in which a court has held that the plaintiff's claim was barred because it fell outside the FDCPA's one-year limitations period. Instead, GRC relied in large part on decisions in which courts have held that court filings which repeated alleged misstatements do not re-start the statute of limitations period. GRC also cited to Camacho v. National Credit Adjustment Agency, No CV-06-5040, 2007 WL 760416 (E.D. Wash. March 8, 2007) in which the court held that plaintiffs' claims were barred because the original communication from the collection agency began the statute of limitations period, not subsequent communications including a collection letter and phone call. While Camacho is the most relevant case cited by GRC, it alone does not constitute "substantial ground for

difference of opinion" on the statute of limitations issue in this case.  In its summary judgment ruling, the Court cited to numerous cases, including a recent case from the Eastern District of New York, in which courts held that when there are multiple communications between the debt collector and the plaintiff, some which fall before the statutory period and some which fall within it, the FDCPA claim may be based on the communications within the one-year period.  At this time there is not "substantial ground for difference of opinion," and the Court declines to certify this issue for interlocutory appeal.

Second, while the interpretation of the statute and regulations governing the loan rehabilitation program is also a "controlling question of law," this issue also lacks a substantial ground for difference of opinion.  GRC has cited to no decision, either in its motion for summary judgment or in this motion, in which a court has held that either 20 U.S.C. §1078-6(a)(1) or 34 C.F.R. §682.405(a) requires nine consecutive loan payments.  The Court's interpretation—that nine out of ten payments are required for rehabilitation—is consistent with the plain language of the statute and regulations. Therefore, the Court also declines to certify this issue for interlocutory appeal.

For the reasons stated above, the defendant's motion to certify an interlocutory appeal [Dkt. #63] is DENIED.  SO ORDERED this 6th day of July 2011, at Hartford, Connecticut.


  /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**